

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Fisher v. Congress Title

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fisher v. Congress Title" (2007). *2007 Decisions.* Paper 855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-267                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1210
_____

KEITH FISHER,
Appellant

v.

CONGRESS TITLE; JOSEPH REYASE; DIANE RIDGEWAY; DEBORAH
HOLLANDER; LISA SAMMARTINO

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 06-cv-01607)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 14, 2007

Before:   RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed June 29, 2007)
_____

OPINION
_____

PER CURIAM

    Keith Fisher, a federal prisoner proceeding <u>pro se</u>, appeals an order of the United

States District Court for the District of New Jersey dismissing his complaint against

Congress Title and Congress Title employees Joseph Reyase, Diane Ridgeway, Deborah

Hollander, and Lisa Sammartino for failure to state a claim upon which relief may be granted. We will dismiss Fisher's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Fisher alleged that Congress Title handled a real estate transaction for him. He stated that he sold a property, and Congress Title held $56,515.86 of the proceeds in escrow. According to Fisher, Congress Title then paid the escrow funds to various law firms representing clients with judgments against persons named Keith Fisher or a similar name. Fisher claimed that Congress Title violated the debt validation provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, by not verifying the judgments and by not providing him with verification. He stated that he notified Hollander, Sammartino, Reyase, and Ridgeway of the violations, but they did not respond to his correspondence.

The District Court properly granted Congress Title's and the individual defendants' motion to dismiss the complaint for failure to state a claim under the Fair Debt Collection Practices Act. As explained by the District Court, the Act applies to "debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000). Fisher did not allege that Congress Title was in the business of collecting debts, see id., or that it collected a debt in this case. Rather, Fisher alleged that Congress Title used escrow funds from the sale of his property to pay judgment creditors. And, even if Congress Title could be found to have collected a debt, the Act excludes from the definition of "debt collector" activity incidental to a bona fide fiduciary obligation or a bona fide

2

escrow arrangement. 15 U.S.C. § 1692a(6)(F). The District Court also did not err in finding no legal basis to hold the individual defendants liable and in declining to exercise supplemental jurisdiction over any potential state law claims.[1]

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

---

[1]To the extent Fisher maintains that the District Court should not have entertained the motion to dismiss because it was untimely, or that it erred in denying his motion for a default judgment, we conclude that the District Court did not err in this regard.